## ZACHERY *v.* THE STATE.

Where it appears that the writ of certiorari has not been served upon the judge, or other officer whose decision is sought to be reviewed, "fifteen days previous to the court to which the return is to be made," the proceeding should be dismissed, unless it clearly appears that the failure to serve was in no way attributable to the fault of the party making appli-·cation for the writ.

Submitted December 5, — Decided December 13, 1898.

. Certiorari. Before Judge Harris. Carroll superior court. October term, 1898.

*Cobb & Brother* and *L. D. McPherson*, for plaintiff in error..
*T. A. Atkinson, solicitor-general*, and *R. D. Jackson*, contra.

COBB, J.   Charley Zachery was placed on trial in the city
court of Carroll county, charged with a misdemeanor, and upon
being convicted he made application to the judge of the supe-
rior court for a writ of certiorari, which was sanctioned on
March 21, 1898, and the writ was duly and regularly issued on
March 24, by the clerk of the superior court of Carroll county,
returnable to a term of that court beginning on the 3d day of
October, 1898.   The city court of Carroll county was abolished
on the 1st day of July, 1898.   Acts 1897, p. 522.   When the
case came on to be heard at the October term of the superior
court, no answer to the certiorari had been filed, the former
judge of the city court having filed in office simply a refusal to
answer the certiorari, which refusal was in the following words:
"I decline to answer the certiorari in the above-stated case, be-
cause it was not served upon me fifteen days before the court
to which the return is to be made.   It was delivered to me this
day, Sept. 20th, 1898.   W. F. Brown, Ex-J. C. C. C."   The judge
of the superior court declined to require the former judge of
the city court to answer the certiorari, and dismissed the same,
upon the ground that it was not served on the judge who tried
the case fifteen days before the term of the court to which the
writ was returnable.   To these rulings the plaintiff in certio-
rari excepted.

When an application for a writ of certiorari shall have been
made in due form and sanctioned by a judge of the superior
court and the writ duly issued, the law requires that the clerk
of the superior court shall place the same on the docket; and
the writ, "together with the petition, shall be delivered to the
party to whom it is directed by the party applying for the cer-
tiorari, his agent or attorney, or the sheriff, deputy-sheriff, or
any constable, at least fifteen days previous to the court to
which the return is to be made."   Civil Code, § 4643.   When
the clerk has failed to issue the writ and the plaintiff in certio-
rari is not at fault, it has been held that it was error to dismiss
the proceeding.   *Hopkins* v. *Suddeth*, 18 *Ga.* 518.   See also
*Mitchell* v. *Simmons*, 58 *Ga.* 166.   After the writ has been is-

sued, the duty is placed upon the party applying for the certio-
rari to see that the same is served upon the judge whose de-
cision is sought to be reviewed, it not being required that any
officer shall serve the same, but the party, his agent or attorney,
being allowed to do so. The moment the writ is issued this
duty is placed upon the party applying for the same. If he
fails to have the writ served upon the judge within the time re-
quired by law, before an order allowing further time will be
granted it must appear that the party has used a reasonable de-
gree of diligence in attempting to serve the writ and has failed
through no fault of his.

In the present case the plaintiff in certiorari gives as an ex-
cuse for not serving the writ in time, that his attorney "went
to Judge Brown's office three or four times to deliver the certio-
rari, and this was more than sixty days before the present term
of this court, and did not sooner deliver it for the reason that
said judge of Carroll city court was absent on political mat-
ters." From the time that the writ of certiorari was issued
until the last day for service was more than five months, and it
seems that nothing was done towards making service until sixty
days before the court. Even if the plaintiff in certiorari is
not to be charged with a want of diligence in not making an
effort to serve the writ until sixty days before the term of court
began, no sufficient reason appears why he could not have had
service made within the forty-five days then remaining. It does
not appear that the presiding judge was absent from the State,
nor does it appear distinctly that he was absent from the county;
but even if he was absent from the county and within the State,
it seems that by the exercise of a small degree of diligence he
could have been found and served either by the party, his agent
or attorney, or some officer of the law authorized to make service.
We do not think there was any error in refusing to require the
former judge of the city court to answer the certiorari, or in
dismissing the same for a failure to serve it within the time
required by law.

It was contended that the written refusal of the former judge
of the city court should have been sworn to, as he had retired
from office. The law requires that the *answer* to the certiorari,

if made after the party making the same has retired from office,, shall be verified by affidavit. Civil Code, § 4648. A refusal to answer is in no sense an answer, and therefore the law con-- tained in the section quoted is not applicable.

*Judgment affirmed. All the Justices concurring..*