### 1871. TONEY *v.* CITY OF ATLANTA.

POWELL, J.   1. For the most part this case is controlled by *Callaway* v. *Atlanta,* ante.

2. A clerk who in a municipality sells intoxicating liquor kept by his employer in his place of business may be convicted of violating the municipal ordinance forbidding the keeping of liquor on hand for the purposes of illegal sale. By analogy to the rule in misdemeanor cases, all who participate either directly or accessorially in the violation of a municipal ordinance may be held as principals. *Hendrix* v. *State,* 5 *Ga. App.* 819 (63 S. E. 939).    *Judgment affirmed.*

Certiorari, from Fulton superior court—Judge Pendleton, March 27, 1909.

Argued May 19,—Decided June 15, 1909.

*Cox, Cox & Cox,* for plaintiff in error.

*William P. Hill, James L. Mayson,* contra.

---

### 1872. COOK *v.* CITY OF ATLANTA.

HILL, C. J.   1. Where on certiorari from the finding of the recorder of the City of Atlanta it appears that there was no proof of the venue, the superior court can remand the case for another trial.

2. Although the finding of the recorder of the City of Atlanta in a criminal case may be without any evidence to support it, this does not make the finding "an error in law which must finally govern the case," requiring the judge of the superior court on certiorari to render a final decision in the case, but he may send the case back for another trial.

3. The other assignment of error is controlled by the decisions of this court in *Callaway* v. *Mims,* 5 *Ga. App.* 9 (62 S. E. 654), and *Athens* v. *Atlanta,* ante, 244 (64 S. E. 711).    *Judgment affirmed.*

Certiorari, from Fulton superior court—Judge Pendleton. . April 5, 1909.

Argued May 19,—Decided June 15, 1909.

*J. F. Golightly,* for plaintiff in error.

*W. P. Hill, J. L. Mayson, C. D. Hill,* contra.