Argued July 14, 1909.—Decided February 22, 1910.

*Anderson, Felder, Rountree & Wilson,* for plaintiff in error.

*W. P. Hill, J. L. Mayson,* contra.

---

### 1987. STRADLEY v. CITY OF ATLANTA.

1. In the main, the case is controlled by the decision of this Court in *Athens* v. *Atlanta*, 6 *Ga. App.* 244 (64 S. E. 711), and the opinion of the Supreme Court in answer to the certified questions in *Loeb* v. *Jennings,* 133 *Ga.* 796 (67 S. E. 101).

2. All who violate or assist in violating a municipal ordinance, directly or accessorially, are equally guilty as principals. The plaintiff in error was clearly guilty of a violation of the municipal ordinance of which he was convicted, though he accomplished the offense through indirect rather than direct means.

Certiorari; from Fulton superior court—Judge Ellis.  May 27, 1909.

Argued July 14, 1909.—Decided February 22, 1910.

*Madison Bell,* for plaintiff in error.

*W. P. Hill, J. L. Mayson,* contra.

POWELL, J.  Stradley was convicted of a violation of the municipal ordinance of the City of Atlanta which prohibits the keeping for unlawful sale in any store-house, room, office, cellar, stand, booth, stall, or other place, or in any barrel, keg, can, demijohn, or other package, any spirituous, fermented, or malt liquors.  He took the case by certiorari to the superior court, where the certiorari was overruled, and to that judgment he excepts.  The petition for certiorari, besides presenting the insistence that the conviction was without evidence to support it, raises many constitutional questions as to the legality of the ordinance and as to the power of the recorder to sentence him to the city stockade.

Small indeed would be the efficacy of our laws and police regulations if the evil-minded could evade them by such clumsy shifts as those resorted to by the plaintiff in error.  The common sense of the law is not to be deceived into believing that a thing has not been done, merely because it has been accomplished indirectly rather than directly.

It seems that Stradley had some connection with a firm of liquor dealers in Chattanooga, Tennessee, who would ship by express to Atlanta cases of liquor in the names of a number of different consignees.  Stradley had what he called "identification cards," which seem to have been cards directed to the express agent, signed by him as agent for Carroll & Company, identifying the holder of the card as Mr. So-and-so, the consignee of the package bearing that address.  Stradley sold these cards for $10, and each card entitled the bearer, under the arrangement which seemed to prevail between Stradley and the express agent, to go to the express office and get the case of liquor consigned to the person (actual or fictitious) whose name appeared upon the card.  Under this arrangement, we have no hesitancy in holding that all who were parties to it were guilty of violating the ordinance.  The liquor was sent to the express office and kept there, manifestly, not for the purpose of legitimate transportation, but for the purpose of unlawful sale.  All who participated in selling or in assisting to sell

it after it arrived in Atlanta were not only guilty of violating the State prohibition law, but also of violating the city ordinance. See *Athens* v. *Atlanta,* 6 *Ga. App.* 244 (66 S. E. 711); *Toney* v. *Atlanta,* 6 *Ga. App.* 356 (64 S. E. 1106); *Loeb* v. *State,* 6 *Ga. App.* 23 (64 S. E. 338).

We have all been told the story of the ostrich—how, when he is pursued, he takes elaborate pains to get his head into the sand, and then thinks he is hidden. Stradley played ostrich. He merely blinded himself with his beguiling scheme. And he fared but little better when, as the condign penalty of the law began to close down upon him, he attempted to hide himself within a specious covering of so-called constitutional rights, shut his eyes to the situation, and imagined that he was safe from the law. The case of *Loeb* v. *Jennings,* involving the same constitutional questions as those he made, has been pending for some time in the Supreme Court. We have held his case awaiting the decision in that case. It has been announced. 133 *Ga.* 796 (67 S. E. 101). The plaintiff in error may now open his eyes and face the situation. He is caught and convicted; his supposed constitutional protection is as nothing; and the judgment of the superior court which upheld the conviction and sentence against him is          *Affirmed.*