4417.   RYALS *v.* COUNTY COMMISSIONERS OF TATTNALL COUNTY.

HILL, C. J.   1. The statute makes it the duty of the petitioner for certiorari, his agent or attorney, to see that the writ, together with the petition, shall be served upon the inferior judicatory to whom the writ is addressed, "at least fifteen days previous to the court to which the return is to be made;" and when it appears that service of the writ has not been made as thus provided, the proceedings should be dismissed, unless it clearly appears that the failure to serve was in no way attributable to the fault of the party making application for the writ.   Civil Code (1910), § 5189; *Zachery* v. *State,* 106 *Ga.* 123 (32 S. E. 22), and citations.

2. If the clerk of the superior court, at the request of the attorney for the petitioner for the writ, undertakes to make service upon the magistrate to whom the writ is addressed, he does so not as an official, but as the agent of the petitioner, and any failure of the clerk to make proper service is to be treated as the failure of his principal.   *Tucker* v. *Mayor etc. of Graysville,* 120 *Ga.* 148 (47 S. E. 523).

3. The mailing by the clerk of the writ of certiorari to the magistrate to whom it is addressed, together with the petition, at the request of the attorney for the petitioner, is not service in accordance with the statute, which requires that the "writ, together with the petition, shall be delivered to the party to whom it is directed," etc. § 5189, supra.

4. There being no proper service of the writ with the petition, and no answer filed, and the failure being attributable to the laches of the petitioner, the judge of the superior court did not err in refusing to continue the case in order to perfect service, and in dismissing the certiorari proceedings. *Smith* v. *Washington,* 4 *Ga. App.* 514 (61 S. E. 923). .                                    *Judgment affirmed.*

Decided February 4, 1913.

Certiorari; from Tattnall superior court—Judge Sheppard. May 22, 1912.

. *H. H. Elders,* for plaintiff in error. *Way & Burkhalter,* contra.