### 11961.   GRINSTEAD *v.* CITY OF HAWKINSVILLE.

In sustaining a certiorari on the ground that the evidence demanded a judgment in favor of the plaintiff in certiorari, it was proper to remand the case for another trial, instead of rendering final judgment in his favor.

DECIDED JANUARY 25, 1921.

Certiorari; from Pulaski superior court — Judge Gower presiding.   September 24, 1920.

*Marion Turner,* for plaintiff in error.

BROYLES, C. J. The only assignment of error in the petition for certiorari which is argued in the brief of counsel for the plaintiff in error is that the judgment of the mayor and council of the City of Hawkinsville is contrary to law and the evidence, and that the evidence demanded a judgment in favor of the plaintiff in certiorari. The judge of the superior court sustained the certiorari and remanded the case for another trial, and the plaintiff in certiorari excepts to that part of· the judgment which remands the case for another trial. This exception is without merit. In such a case, where the undisputed evidence demands a judgment in favor of the plaintiff in certiorari, the judge of the superior court should sustain the certiorari, but should not render a final judgment in his favor. "This is so for the reason that in such a case the error complained of is not 'an error in law which must finally govern the case,' and further, because it could not be known with certainty that the evidence on another trial would be the same." *Seaboard Air-Line Ry.* v. *Blue,* 120 *Ga.* 228 (47 S. E. 569); *Cook* v. *Atlanta,* 6 *Ga. App.* 356 (64 S. E. 1107). Under this ruling the judge of the superior court did not err in failing and refusing to render a final judgment in the case.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*