## 14697.  JOHNSON *v.* HICKS.

LUKE, J.  1.  This case is here to review the judgment of the judge of the superior court in dismissing a writ of certiorari upon the ground that it had not been properly served. The court properly dismissed the certiorari. See *Bass* v. *Milledgeville*, 121 *Ga.* 152 (48 S. E. 919), and cases there cited.

2. It being clearly apparent that the bill of exceptions was prosecuted in this court for delay only, the statutory damages of ten per cent. (Civil Code of 1910, § 6213) are awarded to the defendant in error.

*Judgment affirmed, with damages. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 3, 1923.

Certiorari; from Fulton superior court—Judge Bell. April 2, 1923.

The judgment dismissing the certiorari was as follows: "The within certiorari coming on for a hearing at the time the same is assigned for trial, and it appearing to the court that there has been no service of the same since the issuing of the writ of certiorari, the acknowledgment of service being prior to the issu-

ing of the writ of certiorari, and it further appearing to the court
that the petition and writ of certiorari was not served upon the
respondent, Judge C. L. Pettigrew, until March 26, 1923, which
was during the March term, 1923, of this court and too late to
require the respondent to make answer to the certiorari as provided
in the Acts of 1918, p. 124, upon motion of counsel for defendant
in certiorari it is considered, ordered, and adjudged by the court
that the certiorari be and is hereby dismissed for failure to serve
the same as provided by law," etc.

The acknowledgment of service referred to above was made by
counsel for the defendant in certiorari on the fifth day after the
sanction of the writ, and was as follows: "Due and legal notice
of the sanction of the writ of certiorari in the foregoing case, and
of the time and place of hearing, acknowledged; all other or further
notice and service waived. This the 10th day of February, 1923."
The writ of certiorari was issued February 13, 1923, and was
returnable to the term of the superior court to be held on the first
Monday in March, 1923. The judge of the superior court passed
an order on March 29, 1923, as follows: "It appearing to the
court upon the call of the above-stated case that the judge of
the municipal court to whom said writ of certiorari was directed
has not answered the same, it is on motion of plaintiff ordered by
the court that said judge answer said petition for certiorari and
have the same filed in the office of the clerk of the superior court
by the 16th day of April, 1923." An acknowledgment of service
of this order was made by the judge of the municipal court on
March 29. Next in the record is the following statement of the
judge of the municipal court: "The above writ of certiorari was
handed me on the 26th day of March, 1923, and on this day was
my first knowledge of the writ. March 30th, 1923. C. L. Petti-
grew, Judge M. C. of Atlanta." The statute referred to in the
judgment of the judge of the superior court (Acts of 1918, p. 124)
amends section 5195 of the Civil Code (1910), so as to make the
section read as follows: "The answer to the writ of certiorari shall
be filed in office five days before the first day of the term to which
it is returnable, unless further time is given, and shall reply specif-
ically to the allegations in the petition." It was contended by
counsel for the plaintiff in error that the failure to serve the judge
of the municipal court was cured by the order of the judge of the

superior court allowing him until April 16 to file his answer, and that "the acknowledgment of service of the sanction, and the other recitations set out, waived the fact that the writ had not issued and the petition had not been filed at the time of the service of the same." Counsel for the defendant in error cited: *Singer Sewing Machine Co.* v. *Dacus*, 22 *Ga. App.* 297, and cases there cited. See Civil Code (1910), §§ 5189-90.

*A. S. Johnson,* for plaintiff in error.

*Frank P. Stockton, Morris Macks,* contra.