23731. PEACOCK v. AMERICAN PLANT COMPANY.

JENKINS, P. J. 1. "The fact that a magistrate answered a writ of certiorari amounts to a waiver of the service of the writ and petition upon him as required by section 4643 of the Civil Code" (Code of 1910, § 5189). *Crapp* v. *Morris*, 108 *Ga.* 793 (33 S. E. 951). The written notice, required by section 5190 of the Civil Code (1910) to be given by the plaintiff in certiorari to the opposite party, his agent, or attorney, as to the sanction of the writ and the time and place of hearing, also may be waived, but such a written waiver should appear in the record. *McConnell* v. *Folsom*, 4 *Ga. App.* 535 (2) (61 S. E. 1051) ; *King Bros.*

268

*Co.* v. *Turner,* 6 *Ga. App.* 495 (65 S. E. 321). See, in this connection, *Johnson* v. *Hicks,* 31 *Ga. App.* 43, 44 (119 S. E. 437). The record in this case showing both an answer by the magistrate and an express written waiver by the attorneys for the successful party in the justice's court, signed on the date of the sanction of the writ, as to notice of such sanction and the time and place of hearing by the superior court, the motion of such party to dismiss the certiorari for want of service upon him and upon the magistrate was without merit. Nor was there any merit in the grounds that the justice did not answer the writ in his official capacity, and that there was no sufficient assignment of error, or in other grounds of the motion.

2. Ordinarily, the office of a possessory warrant is to restore the possession of a chattel to a claimant from one who has obtained it by fraud, violence, seduction, or like means as specified in section 5371 of the Civil Code, and it lies where the property has been taken without the consent of the claimant, and not where the possession has been lawfully acquired by virtue of a contract. *Welborn* v. *Shirly,* 65 *Ga.* 595; *Trotti* v. *Wyly,* 77 *Ga.* 684; *Owens* v. *Outlaw,* 105 *Ga.* 477 (30 S. E. 427); *Palmer* v. *Shiver,* 31 *Ga. App.* 605 (121 S. E. 852). But where the relation of landlord and cropper exists, section 3706 of the Civil Code gives to the landlord the right to repossess the crops by possessory warrant, as well as "by any other process of law by which the owner of property can recover it under the laws of this State," not only where the cropper unlawfully sells or disposes of any part of the crops or seeks to take possession of the crops, but also where he seeks "to exclude the landlord from the possession" of the same. In this case, while the record fails to include the possessory warrant so as to show its grounds or basis, the undisputed evidence shows that the actually contested issues involved a controversy between a landlord and cropper. The verdict in favor of the defendant in the justice's court not being demanded by the evidence, the order of the superior court, remanding the case to the justice's court for a new trial, will not be disturbed, regardless of the merit or want of merit of special exceptions. *Shirley* v. *Swafford,* 119 *Ga.* 43 (45 S. E. 722); *Freeman* v. *Franklin,* 47 *Ga. App.* 265 (2) (170 S. E. 321); *McWhorter* v. *Stein,* 47 *Ga. App.* 838 (171 S. E. 583).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 18, 1934.

*H. L. Williams, M. E. Wood,* for plaintiff in error.
*I. J. Bussell,* contra.