28206. DOBSON *v.* FERGUSON.

DECIDED APRIL 25, 1940.

*Joe M. Lang,* for plaintiff in error. *Y. A. Henderson,* contra.

SUTTON, J.  Lon Ferguson brought suit in a justice's court against J. M. Dobson on February 7, 1938, for balance due on a promissory note of $211.60, executed and delivered by the defendant on March 1, 1922, and on which a credit of $150 for one mule had been entered.  The defendant filed a plea and answer, setting up that he paid the note in full by delivering to the plaintiff one mule in full payment of the debt, and that he owed him nothing whatever on the debt.  A jury returned a verdict in favor of the defendant.  The plaintiff's application for certiorari was sanctioned, and upon consideration the certiorari was sustained, and the exception is to that judgment.  The record shows that the application for certiorari set forth the following evidence: "3.  Plaintiff introduced in evidence the note sued on with credits entered thereon, and rested.  4.  Defendant then testified in his own behalf that he gave the note sued on, but that about the latter part of 1922 he left this county and he owed plaintiff for a mule which he had purchased from him, and that he left the mule with Mr. Rob Dutton and told him to tell Mr. Ferguson to come and get the mule and take it for the debt that he owed on the mule; that the mule was worth all that he owed plaintiff at the time he left here.  He had been back here one year and made a crop, and Mr. Ferguson did not ask him to pay the note, and he was out of the State or the county for the rest of the time until about a year ago, when he returned to Gordon County, and is now living near Red Bud.  5.  Rob Dutton testified for defendant that he did not have any recollection of telling Mr. Ferguson anything other than the defendant had left and the mule was at his home, and he could come and get it.  6.  The plaintiff then testified that he took the mule, kept it a year or more, and sold it for the very best price that he could get for it, and all that he could get for it was $125, and he gave the defendant credit for $25 for the use of the mule for the year that he kept

it, and that defendant owed him the balance due on the mule, and that he had never paid anything on the note, and all the credits on it were for sale of mule and the work that he gave him credit for. 7. There being no further evidence, the jury retired and returned a verdict for the defendant, and judgment for costs was entered up against plaintiff." The justice of the peace adopted as true the allegations of the application for certiorari as to the evidence, except with respect to the testimony of the plaintiff as set forth therein; and answered that the testimony was that Ferguson sold the mule along with three others, and did not know just what he did get for the one in question; that there were some plug mules in the lot; that he did not know just how long he did keep this mule before he sold it; and that the four mules brought over $450.

The record shows that while the mule was not returned under any specific agreement on the part of the plaintiff to accept it in full discharge of the debt, he did accept it and kept it for some time, and then mingled it with other mules of his own, and sold them together for a lump sum of $450. A finding was therefore demanded, as a matter of law, that the plaintiff had retaken the property and dealt with it as his own and in discharge of the amount of the note sued on. This conclusion is reinforced by the fact that the uncontradicted evidence showed that at the time of the retaking of the mule its value was at least equal to the amount of the note sued on. The evidence not only authorized but demanded the verdict returned by the jury in favor of the defendant. While ordinarily the first grant of a new trial, even on certiorari, will not be disturbed, the rule does not apply where, as here, the verdict was demanded. The judge of the superior court erred in sustaining the certiorari under the evidence shown by the record.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*