## 30365.  HENDRICKS v. THE STATE.

GARDNER, J.  The court did not err in dismissing the certiorari for want of service.  (a) Under the Code, § 19-211, after the issuance of a writ of certiorari, the "writ, together with the petition," must be served on the magistrate to whom it is directed "at least 15 days previous to the court to which the return is to be made."  (b) Where, as here, the attorney who represented the applicant at the hearing before the superior court on the certiorari stated that the attorney who represented the applicant at the original trial, but who did not appear as counsel for the applicant at the hearing, told him that the proceedings for sanction and filing were left on the desk in the office of the trial magistrate,— this is not sufficient to prove service on the trial magistrate.  The mailing by the clerk of such writ to the magistrate with the petition, at the request of the attorney, is not service.  *Henry* v. *State,* 12 *Ga. App.* 221 (3) (76 S. E. 1078).  (c) Such failure to serve was clearly the fault of the plaintiff in certiorari, and was cause for dismissing the certiorari.  *Carter* v. *Cross,* 34 *Ga. App.* 149 (128 S. E. 590).  (d) Even if there had been service on the magistrate (and the record affirmatively shows that there was not), and he had failed to answer, it was the duty of the applicant to take appropriate measures to see that the magistrate did answer the writ, and this diligence on the part of the applicant is required of him before a motion to dismiss the writ is made by the opposite party.  If the applicant does not do so he will be held to be at fault by lack of diligence and the certiorari shall be dismissed.  *Zachery* v. *State,* 106 *Ga.* 123 (32 S. E. 22) ; *Sutton* v. *State,* 120 *Ga.* 865 (48 S. E. 342).  (e) This court is without authority to pass upon the alleged errors in a petition for certiorari which has been sanctioned, but which has not been served on the trial magistrate, and in which proceeding no answer of the magistrate appears.  The whole proceeding is void in so far as the authority of this court is concerned to pass upon the same.  There is no authentic record of the proceedings in the court below.  It may be likened unto an unapproved ground of a motion for new trial.  (f) Where, as here, the petition, after having been docketed, is delivered to the attorney for the applicant, the failure of service on the trial magistrate is clearly chargeable to the applicant, and the court did not err in dismissing the certiorari for want of service on the magistrate, and this court is without authority to consider the case on its merits.

*Judgment affirmed.  Broyles, C. J., and MacIntyre, J., concur.*

DECIDED FEBRUARY 15, 1944.  REHEARING DENIED MARCH 21, 1944.

*James R. Venable, Jackson L. Barwick, Frank A. Bowers,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.