### 37720. DOUGHERTY COUNTY COUNCIL OF ARCHITECTS *et al.* v. BECKANSTIN.

DECIDED DECEMBER 2, 1959.

792

Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General, James P. Groton, Sutherland, Asbill & Brennan, for plaintiffs in error.

Wotton, Long & Jones, Grigsby H. Wotton, contra.

QUILLIAN, Judge. ■ ■ The first question to be decided is to determine if the superior court judge erred in sustaining the certiorari. The effect of sustaining a certiorari is the same as the first grant of a new trial. Jeffers v. Central of Ga. R. Co., 1 Ga. App. 331 (57 S. E. 923); Folds v. Harris, 34 Ga. App. 445 (129 S. E. 664); Peacock v. American Plant Co., 49 Ga. App. 267 (175 S. E. 262). As the plaintiff in error's counsel in his excellent brief concedes that the granting of a certiorari is discretionary with the trial judge, and as there is no showing of an abuse of discretion, this court will not interfere with the first grant of a new trial. Stalnaker v. Beach, 18 Ga. App. 172 (88 S. E. 991). However the trial judge was correct in sustaining the certiorari for another reason as discussed below.

■ The board was proceeding under the provision of Code (Ann.) § 84-319 (a): "When it is shown that the certificate was obtained through fraud or misrepresentation." It was necessary to show the alleged misrepresentation which caused the certificate to be issued. This is true because the statute uses the phrase "obtained through fraud or misrepresentation." Therefore a misrepresentation which was not regarded by the board in issuing the certificate can not be a basis for revoking the certificate.

The misrepresentation must be material to the issuing of the certificate.

To determine whether or not there is a material misrepresentation, the statements are measured by the qualifying section, Code § 84-303: "Any citizen of the United States, or any person who has declared his or her intention of becoming such citizen, being at least 21 years of age and of good moral character, may apply through the Joint-Secretary, State Examining Boards, to the State Board for the Examination and Registration of Architects for a certificate of registration, or for such examination as shall be requisite for such certification under this Chapter; but before receiving such certificate the applicant shall submit satisfactory evidence of having completed the course in a high school or the equivalent thereof, and of having subsequently thereto completed such course in mathematics, history and language as may be approved or prescribed by the said Board. The examination for the above academic requirements shall be held by the said Board. In lieu of such examination the said Board may accept satisfactory diplomas or certificates from institutions approved by the said Board, covering the course or subject-matter prescribed for examination." Thus if the board prescribes four years of academic work in an accredited college and an applicant states upon his application that he has six years of college credit, when in fact, he has only four, the misstatement would not be material because the applicant would have met the academic requirement. However, in the instant case there is no showing of a prescribed requirement of any additional education prerequisite subsequent to high school. By express permission of the statute, the board may require additional academic work in mathematics, history, and languages, but the record does not show such requirements by the board. The defendant's high school qualifications are not questioned. In the absence of a board requirement of college credit, there is a total failure to show a material misrepresentation in order to revoke the defendant's certificate.

■ By the trial judge's order dated March 30, 1959, he went further than sustaining the certiorari and granting a new trial. It was a finding that a verdict was demanded for the defendant

794

as a matter of law. *Dobson* v. *Ferguson,* 62 *Ga. App.* 561 (8 S. E. 2d 705); *Munford* v. *Solomon,* 8 *Ga. App.* 286 (68 S. E. 1075). The only evidence to show a material misrepresentation from his application is the defendant's oral statements that he attended the Massachusetts Institute of Technology 6 months in 1915, 2 months in 1916, being January and February, and that he did not attend this institute up to the beginning of the school year 1917. Assuming that under the holding of *Faulkner* v. *Brown,* 92 *Ga. App.* 602 (89 S. E. 2d 583), such admission of the defendant is evidence, would the defendant's own statements differ from his application to make a material misrepresentation as a matter of law? We do not think so. The figure "1915-1917" could have several meanings, one of which would be consistent with the defendant's oral statement. The figures do not disclose whether the first or last year is included or excluded, nor do the figures state a scholastic year within the meaning of *Smith* v. *Board of Education of Washington County,* 153 *Ga.* 758 (113 S. E. 147). About all that can be said concerning these figures is that sometime between the years of 1915 through 1917 inclusive, the defendant attended Massachusetts Institute of Technology. The board has the power to prescribe that definite terminal dates be given, i.e., September 1, 1951, through June 30, 1952. Therefore, there is no showing that the defendant's oral statements were in conflict with his application. Without the showing of a material misrepresentation the defendant is entitled to be exonerated.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*