## 51004. DEPARTMENT OF HUMAN RESOURCES et al. v. SIMS.

EVANS, Judge.

Mrs Mary R. Sims was employed as a case work aide in the Meriwether County Department of Family and Children Services (now Georgia Department of Human Resources). After a probationary period, she became a tenured employee. During the latter part of 1973 and early 1974, difficulties occurred between Mrs. Sims and her supervisor, and she was notified by the county director that her employment was terminated because of the quality of her work and her demonstrated unwillingness or inability to follow her supervisor's instructions.

An appeal was made to the State Personnel Board. A hearing was held and her appeal was denied. Writ of certiorari to the superior court was sanctioned and after review of the evidence, that court entered an order reversing the State Personnel Board's decision. The superior court's judgment held there was a lack of sufficient evidence to justify discharge and the procedure employed did not comport with the minimal constitutional standards of procedural due process. The Department of Human Resources appeals. *Held:*

1. "All appeals determinations of the board shall be written and documented as to findings of fact, basis for

decisions and prescribed remedies." Code Ann. § 40-2204 (b) (4) (Ga. L. 1975, pp. 79, 85). However, this law does not apply to the case sub judice as it did not become effective until March 13, 1975.

2. The denial of an appeal by the board in the future will require written or documented findings of fact as a basis for the denial.

3. All future findings of fact, basis for decision and prescribed remedies by the board should be written and documented as to comport with the above law.

4. Many of the rules of the personnel board are herein referred to. But a certified copy of the rules is not in the record. This state board is not governed by the Administrative Procedures Act (Georgia Laws 1964, p. 338 et seq.). Thereupon the courts cannot take judicial notice of said rules. See Code Ann. § 3A-108. Since the rules of the State Personnel Board are not before us, we are unable to determine if the lower court was correct in holding that the procedure employed did not comport with the minimal constitutional standards of procedural due process.

5. As has been held in a number of decisions including *Dougherty County Council v. Beckanstin,* 100 Ga. App. 790, 792 (1) (112 SE2d 423), "the effect of sustaining a certiorari is the same as the first grant of a new trial," citing *Jeffers v. Central of Georgia R. Co.,* 1 Ga. App. 331 (57 SE 923); *Folds v. Harris,* 34 Ga. App. 445 (129 SE 664); *Peacock v. American Plant Co.,* 49 Ga. App. 267 (175 SE 262). Since the evidence presented to and considered by the trial judge is in conflict, there was no error in sustaining the certiorari.

6. For the foregoing reason, the lower court did not err in sustaining the application for certiorari and reversing the decision of the board.

*Judgment affirmed. Deen, P. J., concurs. Stolz, J., concurs specially.*

ARGUED SEPTEMBER 9, 1975 — DECIDED NOVEMBER 7, 1975 — REHEARING DENIED DECEMBER 15, 1975 — ▮▮▮▮▮▮▮▮

*Arthur K. Bolton, Attorney General, R. Douglas*

74

*Lackey, Assistant Attorney General,* for appellants.

*Hicks, Huddleston & Medori, Charles F. Hicks,* for appellee.

STOLZ, Judge, concurring specially.

1. I concur with the majority that "the effect of sustaining a certiorari is the same as the first grant of a new trial." *Dougherty County Council v. Beckanstin,* 100 Ga. App. 790, 792 (1) (112 SE2d 423) and cits. Code § 19-501 provides: "Upon the hearing of a writ of certiorari the superior court may order the same to be dismissed, or return the same to the court from which it came, with instructions; and in all cases when the error complained of is an error in law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below, it shall be the duty of the said judge to make a final decision in said case, without sending it back to the tribunal below."

The order of the superior court stated in part, "This Court finds that there is lack of substantial evidence in the record justifying the discharge of the Petitioner and further finds that the procedures employed in effecting Petitioner's discharge did not comport with minimal constitutional standards of procedural due process.

"The decision of the Board is reversed."

The majority opinion finds a conflict in the evidence. I agree. If such exists, and we say it does, a judgment in favor of the petitioner (appellee) is not demanded as a matter of law. The reasons for the petitioner's discharge were set forth in a two-page letter to her from the director of the Meriwether Department of Family and Children's Services (Exhibit B. Petition for Certiorari). The State Personnel Board upheld the discharge "after considerable discussion of the evidence submitted at the hearing." We do not have a transcript of the evidence in the record before us and are thus unable to evaluate the evidence. However, we do have 36 pages of exhibits showing portions of the record which were considered by the board in making its decision. From these exhibits, we cannot say that there was no substantial evidence upon which the board could uphold the discharge or, stated another way,

that the discharge was erroneous as a matter of law.

2. The superior court, in reversing the board, found that the petitioner had been denied procedural due process. In her petition for certiorari, the petitioner alleges: (a) Lack of specificity of charges constituting cause for the petitioner's discharge; (b) Lack of opportunity for the petitioner to respond to the allegations contained in Exhibit "B" prior to her discharge; (c) Lack of any notice, prior to the effective date of the petitioner's discharge or the date of the hearing before the board, or the names and expected testimony of the witnesses against the petitioner; (d) Lack of subpoena power to compel the attendance of witnesses in the petitioner's behalf at the hearing before the board; (e) Lack of discovery machinery; and (f) Deprivation of pay and benefits after April 30, 1974, and prior to determination of the petitioner's appeal by the board.

A review of the limited record before us reveals that, on April 15, 1974 the petitioner was advised by letter of her termination effective April 30, 1974. This letter stated in part that, if the petitioner desired a statement of specific charges, a written request must be made within 15 days *after* the effective dismissal date. The petitioner submitted such written request on April 16, 1974, and received the statement of specific charges (Exhibit B) on the effective dismissal date (April 30, 1974). Thus, in effect, the petitioner was told the reasons for her discharge on the date she was terminated without any opportunity to respond or even to determine the nature of the evidence upon which the discharge was based. Items (d), (e) and (f), supra, cannot be considered by this court, as we do not have a certified copy of the rules of the State Personnel Board in the record. Items (a), (b) and (c), supra, are meritorious. The record affirmatively shows a substantial deprivation of procedural due process in the events leading up to the petitioner's discharge on April 30, 1974. Thus the judgment of the superior court reversing the State Personnel Board is affirmed with direction that the matter be remanded to the Meriwether Department of Family and Children's Services for whatever action it should deem appropriate not inconsistent with the decision in this case.