54831. CITY OF ATLANTA et al. v. WHITTEN.

SHULMAN, Judge.

Appellee-police officer was found guilty by the Atlanta Police Disciplinary Board of various infractions of the rules and regulations of the Atlanta Bureau of Police Services. The superior court sustained an application for certiorari. The order of the court, reversing the finding of the Atlanta Police Disciplinary Board, found that there was a lack of sufficient evidence to justify the discharge. The court ordered that the officer be reinstated with back pay. This appeal follows that reversal. We reverse the order of the superior court.

1. Appellee argues that this court is precluded from reviewing the lower court's holding that sufficient evidence was lacking to justify discharge because the rules and regulations which appellee was charged with violating do not appear in the record. See generally *McClure v. Hightower,* 237 Ga. 157 (227 SE2d 47); *Dept. of Human Resources v. Sims,* 137 Ga. App. 72 (4) (222 SE2d 832).

Since the language of the rules and regulations were contained in appellee's petition for certiorari to the superior court and these were admitted as true by appellant, the superior court's order is subject to review. *Williamson v. City of Tallapoosa,* 238 Ga. 522, 524 (233 SE2d 777); *Slaughter v. City of LaGrange,* 60 Ga. App. 555 (2) (4 SE2d 410) (approving by implication appellate review when ordinance set out in petition or attached as

exhibit).

The superior court reversed the finding of the board on the general grounds. A review of the record reveals a conflict in the evidence.

"As has been held in a number of decisions including *Dougherty County Council v. Beckanstin,* 100 Ga. App. 790, 792 (1) (112 SE2d 423), 'the effect of sustaining a certiorari is the same as the first grant of a new trial,' citing *Jeffers v. Central of Georgia R. Co.,* 1 Ga. App. 331 (57 SE 923); *Folds v. Harris,* 34 Ga. App. 445 (129 SE 664); *Peacock v. American Plant Co.,* 49 Ga. App. 267 (175 SE 262). Since the evidence presented to and considered by the trial judge is in conflict, there was no error in sustaining the certiorari." *Dept. of Human Resources v. Sims,* 137 Ga. App. 72 (5), supra. See also *Smith v. Telecable of Columbus,* 238 Ga. 559 (234 SE2d 24) (to disturb first grant of new trial on general grounds appellant shall show abuse of discretion and that facts require the verdict notwithstanding the judgment of the trial court) (Note: superior court's ruling that the testimony of appellant's witness had no probative value in Division 2, infra, was not necessary for grant of new trial on general grounds).

2. The superior court's order found that the board's finding was "based totally on the testimony of one [witness] . . . the testimony of [that witness] was very contradictory and the witness was otherwise quite severely impeached to the point that the testimony is without probative value."

On that basis, the trial court entered a final decision in favor of appellee-Whitten. Code Ann. § 19-501. Appellant asserts that this final decision constituted error. We agree.

We cannot say the witness's testimony lacked probative value as a matter of law. See generally *Davis v. State,* 68 Ga. App. 296 (2) (22 SE2d 762). Nor can we hold that the discharge was erroneous as a matter of law so as to demand a judgment in favor of petitioner (appellee). See *Dept. of Human Resources v. Sims,* supra (Judge Stolz concurring specially).

Under the facts of the case the court had the discretion to sustain the certiorari on the ground that the

board's order was not sustained by substantial evidence (see Code Ann.§ 19-402), but the rendering of a final judgment for appellee-Whitten in certiorari was error. *Scott & Son v. Newberry,* 42 Ga. App. 432 (156 SE 641).

" 'This is so for the reason that in[this]case the error complained of is not "an error in law which must finally govern the case," and further, because it could not be known with certainty that the evidence on another trial would be the same.' [Cits.]" *Grinstead v. City of Hawkinsville,* 26 Ga. App. 204, 205 (105 SE 707). A new trial should have been ordered.

*Judgment reversed. Bell, C. J., and Banke, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED DECEMBER 1, 1977.

*Ferrin Y. Mathews, Isabel Gates Webster,* for appellants.

*Oehlert, Kermish, Labovitz, Marcus, Brazier & Rosenberg, Chester G. Rosenberg,* for appellee.