57180. ARGONAUT INSURANCE COMPANY et al. v. HEAD et al.
57181. ARGONAUT INSURANCE COMPANY et al. v. ETCHISON et al.

BIRDSONG, Judge.

These workers' compensation cases arose out of the same incident. The board awarded compensation to the respective claimants. The superior court, on review, affirmed, and these appeals followed. The appellants are the City of Monroe and its insurer, Argonaut.

There was no dispute as to the material facts. The claimant Head and the deceased husband of claimant Etchison were both employed as police officers by the City of Monroe. A third party, League, was observed by these officers driving his vehicle at a high rate of speed within the city limits of Monroe. The officers gave chase in a police vehicle, sounding a siren, with the vehicle's blue lights flashing. League failed to stop, and the officers continued to pursue him past the city limits into Walton County. Walton County deputies were alerted of the chase, and they set up a road block at an intersection. League not only failed to stop at this road block, but he shot and wounded a deputy present and then continued to flee at an excessive speed. The two city officers had League in their sight at all times and continued pursuit

past the blockade. About one and one-half miles beyond the blockade, a tire on League's car blew and he stopped. League exited his vehicle, and then commenced firing with a rifle at the city policemen, killing Etchison and wounding Head. Head then shot and killed League. At the time of this occurrence, both of the city officers were duly appointed deputy sheriffs of Walton County. However, neither was paid any wages or other remuneration by the Sheriff of Walton County. Based on this evidence, findings of fact were made by the administrative law judge, which were adopted by the board and later affirmed by the Superior Court of Walton County, that both Head and Etchison were at all times acting in their capacities as police officers for the City of Monroe and therefore, Etchison's death and Head's injuries arose out of and in the course of their employment with the City of Monroe; that since no remuneration was paid by Walton County Sheriff, there was no necessity for making any decision as to whether there would be joint liability with Walton County under Code Ann. § 114-419, and that appellants city and its insurer were solely liable for compensation to the claimant. *Held:*

1. The contention is made that it was erroneous to find that these officers were acting in their capacities as law enforcement officers or on behalf of the City of Monroe because the incident occurred outside the Monroe city limits which fact caused a termination of the officers' power to arrest League. Code Ann. § 92A-509 provides: ". . . officers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality, unless such jurisdiction is given by local or other laws." The administrative law judge in finding to the contrary cited the case of *Wooten v. State,* 135 Ga. App. 97 (217 SE2d 350). In *Wooten,* we held, as an exception to this statute, that an arrest was valid where the precipitating crime was committed in the municipality and a city officer gave "hot pursuit" which took him beyond the limits of the municipality to effectuate the arrest. Appellants contend that *Wooten* does not apply, as the alleged crime involved there was a violation of the state Criminal Code whereas here the offense involved was a violation of a municipal speeding ordinance. While

the evidence does indicate that originally the only violation committed in the presence of the officers by League was exceeding the speed limit in violation of a city ordinance, the "hot pursuit" doctrine still would apply. A violation of a municipal speed ordinance is no less a crime than a violation of our statute of statewide application concerning speed restriction. See Code Ann. Ch. 68A-8; *Caito v. State,* 130 Ga. App. 831 (204 SE2d 765); and *Stradley v. City of Atlanta,* 7 Ga. App. 441 (67 SE 107). No error has been shown on this ground.

2. It was found as a fact that the officers were duly appointed deputy sheriffs of Walton County, but were paid nothing by the Sheriff of Walton County. The appellants contend that the fact that these Monroe city policemen were also Walton County deputy sheriffs would cause them to be in joint service with the Sheriff of Walton County, thereby imposing a portion of the liability for compensation on the county and its insurer under Code Ann. § 114-419. The latter provides in part: "Whenever any employee for whose injury or death compensation is payable under this Title shall at the time of the injury be in the joint service of two or more employers subject to this Title, such employers shall contribute to the payment of such compensation in proportion to their wage liability to such employee: . . ."

The administrative law judge and the Board concluded that since no remuneration to the officers was made by the sheriff, it was unnecessary to decide whether they were joint employees, and consequently, the sole liability for compensation fell on the appellants. The argument has been made that the foregoing finding of fact and conclusion is erroneous as a matter of law. We have carefully considered the argument and cases cited in support of appellants' view and conclude they are not persuasive. We hold that the board correctly decided this issue. The statute expressly imposes proration of liability *"in proportion to wage liability."* The record affords no basis in law or fact for a holding that Walton County incurred any liability for payment of wages. Absent this, there can be no liability on the county and its insurer for payment of workers' compensation to the claimants.

3. The enumeration of error concerning the

admissibility of a city ordinance has no merit. During the hearing, the claimant Head was cross examined on the content of a Monroe city ordinance. An objection was made on the grounds that the examination was asking for hearsay and a conclusion, which objection was overruled. Now on appeal, appellants advocate a new ground of objection that the ordinance was not properly proved in accordance with Code Ann. § 38-606. A reason urged that evidence should not have been admitted will not be considered on appeal unless the reason was urged below. *Employers Commercial Union Ins. Co. v. Wrenn,* 132 Ga. App. 287 (208 SE2d 124).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 7, 1979 — DECIDED MARCH 16, 1979 — REHEARING DENIED MARCH 30, 1979.

*Savell, Williams, Cox & Angel, Lawson A. Cox, II, Michael Jablonski,* for appellants.

*Sartain & Carey, Joe B. Sartain, Jr., Robert L. Husby, Jr., George Hearn,* for appellees.