## 62344. CITY OF ATLANTA v. SAUNDERS.

QUILLIAN, Chief Judge.

Saunders filed a petition for certiorari complaining of a sentence imposed by the Municipal Court for the City of Atlanta. A motion to dismiss the certiorari was predicated on petitioner's failure to obtain service on the municipal court judge who rendered the judgment. The superior court judge found the lack of service was an amendable defect and permitted the petitioner to serve the municipal court judge well after the expiration of the time provided in Code Ann. § 19-210 (Code § 19-210, as amended through Ga. L. 1961, pp. 190, 191). Having granted an application for interlocutory appeal, we must

determine the correctness of that ruling. *Held:*

Code Ann. § 19-210 provides "All certiorari proceedings shall be filed in the clerk's office within a reasonable time after sanction thereof, and shall be served on the respondent within five days after such filing by the sheriff or his deputy, or by the petitioner or his attorney. A copy of the petition and writ shall be served on the opposite party . . ."

Under certiorari practice as it existed in this state since 1851, service on the respondent — the magistrate or judicial officer whose decision was sought to be reviewed — was required. See now repealed Code § 19-211 (Repealed by Ga. L. 1961, pp. 190, 191). As held in *Zachery v. State,* 106 Ga. 123 (32 SE 22), "Where it appears that the writ of certiorari has not been served upon the judge, or other officer whose decision is sought to be reviewed, 'fifteen days previous to the court to which the return is to be made,' the proceeding should be dismissed, unless it clearly appears that the failure to serve was in no way attributable to the fault of the party making application for the writ." Accord, *Ryals v. County Commissioners of Tattnall County,* 12 Ga. App. 221 (1) (77 SE 8); *Johnson v. Hicks,* 31 Ga. App. 43 (119 SE 437); *Carter v. Cross,* 34 Ga. App. 149 (128 SE 590); *Hendricks v. State,* 70 Ga. App. 805 (29 SE2d 447); *Atlanta, Knoxville &c. R. Co. v. Whitaker,* 115 Ga. 644 (1) (42 SE 56).

Under the applicable proceedings prior to the Act of 1961 (Ga. L. 1961, pp. 190, 191) service on the opposite party was also required. See now repealed Code § 19-212. However, the courts did make a distinction between the two, holding that a failure to give the opposite party notice rendered the entire proceeding void *(O'Keefe v. Cotton,* 102 Ga. 516 (27 SE 663); while, on the other hand, if there was a failure to serve the magistrate the proceedings were not void but could be renewed within 6 months under what is now Code Ann. § 3-808 (Code § 3-808; as amended by Ga. L. 1967, pp. 226, 244). *Bass v. City of Milledgeville,* 121 Ga. 151 (48 SE 919). As this court explained in *Jameson v. State,* 50 Ga. App. 111 (2) (176 SE 903), "A failure to serve the officer whose decision it is sought to review may cause a dismissal, but such dismissal does not bar a second application for certiorari where it is made to appear that such a fact is the sole reason for the dismissal and that it is not a decision on the merits."

Within the same act in which Code Ann. § 19-210 was promulgated, what was formerly Code § 19-403 was repealed and a new section added which now provides: "Certiorari proceedings shall be amendable at any stage, as to matters of form or substance, both as to the petition, bond, answer and traverse, and a valid bond may by amendment be substituted for a void bond or no bond at all." Code Ann. § 19-403 (Ga. L. 1961, pp. 190, 192).

This is the provision the trial judge apparently relied upon in determining that the failure to serve the respondent judge was an amendable defect and that service could be perfected at a time after the expiration of the 5 days provided in Code Ann. § 19-210. We, therefore, must determine if Code Ann. § 19-403 was intended to achieve this result.

Shortly after the enactment of Code Ann. §§ 19-210 and 19-403 this court considered each of these sections. In the first case, *Scott v. Oxford,* 105 Ga. App. 301 (1) (124 SE2d 420), this court construed the applicability of Code Ann. § 19-403 and determined: "A law prescribing and liberalizing the form of pleadings will apply to all pleadings filed after its enactment, although the action is pending before that time. Ga. L. 1961, p. 190 et seq. was properly applied to a petition for certiorari pending at the time of its enactment, so as to allow the amendment of the petition in both form and substance." In the second case, *Hipp v. City of East Point,* 105 Ga. App. 775 (125 SE2d 672), this court found that, under Code Ann. § 19-210, service on the opposite party within 5 days was mandatory and in the absence of such service the application for certiorari was properly dismissed. No mention was made of any "saving grace" or amelioration that would be provided by Code Ann. § 19-403.

Subsequently in *Yield, Inc. v. City of Atlanta,* 144 Ga. App. 637 (242 SE2d 478) and *Schaffer v. City of Atlanta,* 144 Ga. App. 702 (242 SE2d 288), this court held that Code Ann § 19-403, although permitting "certiorari proceedings to be amended at any stage as to matters of form or substance, etc. *does not apply to the filing of a late answer."* (Emphasis supplied).

Analogizing the principle enunciated in those cases to the present case, it would therefore seem inescapable to conclude that Code Ann. § 19-403 could not be utilized to permit service beyond the time permitted in Code Ann. § 19-210. The trial judge erred in overruling the motion to dismiss the petition for certiorari.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1981.

*Herman Pierre, Jr.,* for appellant.
*Harry Kuniansky,* for appellee.