**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 12, 2020**

# In the Court of Appeals of Georgia

A20A0480. KING PETRO, INC. et al. v. ULTRA GROUP OF COMPANIES, INC.

MARKLE, Judge.

This action arises from King Petro, Inc.'s ("King Petro's"), East West Convenience, Inc.'s ("EW's"), and Malik Sultan's ("Sultan's"), (collectively "KP" or "the defendants") appeal from the trial court's final order reversing the Georgia Lottery Corporation's ("GLC's") and the arbitrator's decision in favor of Ultra Group of Companies, Inc. ("Ultra") and remanding the case to GLC for further determination. On appeal, KP argues that the trial court erred by (1) failing to dismiss Ultra's petition for writ of certiorari when it lacked jurisdiction to consider the matter; and (2) reversing the arbitrator's decision in light of existing Georgia law. Because

we find that the trial court erred in denying KP's motion to dismiss, we reverse the trial court's order, and remand the case with instructions to dismiss Ultra's petition.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Citation and punctuation omitted.) *American Professional Risk Svcs., Inc. v. Gotham Ins. Co.*, 323 Ga. App. 776, 777 (748 SE2d 134) (2013). So viewed, the record shows that the underlying dispute between the parties involved claims pertaining to the leasing and operation of coin operated amusement machines ("COAMs"). Ultra entered into location agreements with KP to put COAMs in gas stations, and, under these agreements, the parties would share net revenues, with 30 percent to Ultra and 70 percent to KP. Thereafter, the legislature enacted OCGA § 50-27-87.1, which mandated that the parties share 50 percent of the proceeds until the COAMs were removed from the locations, but KP continued to pay Ultra only 30 percent. Ultra filed an action for breach of contract seeking actual and liquidated damages, declaratory relief, and attorney fees.[1]

---

[1] The original action was filed in Gwinnett County because Ultra's principal place of business was located there. The record from the Gwinnett County action is not part of the record before this court; however, the appellate record does contain a copy of Ultra's motion to remove the stay and confirm the arbitration award, filed in the Gwinnett County Superior Court.

2

The trial court ordered the parties to arbitrate the dispute, as required by OCGA § 50-27-102 (d). Following a hearing, the arbitrator ruled in favor of Ultra, but awarded less damages than Ultra requested. Dissatisfied with this result, Ultra appealed to GLC's CEO pursuant to OCGA § 50-27-102 (d) (5) and GLC Rules and Regulations 13.2.5 (1) (b) (4). Because the CEO failed to decide the matter within 30 days, the appeal was deemed denied and the arbitrator's award was affirmed by operation of law.[2] Ultra then filed a petition for writ of certiorari in the Fulton County Superior Court.[3]

In its petition, Ultra named KP, EW, and Sultan as the respondents and did not identify GLC as a party to the action. The petition was sanctioned, and the writ of certiorari was issued to GLC on January 16, 2018. It is undisputed that Ultra served the petition on GLC on January 23, 2018. KP filed a limited appearance answer and

---

[2] Georgia Lottery Corporation RU 13.2.5 (1) (b) (4) states that a "Motion for Review shall be deemed denied if the President/CEO or his/her designee fails to provide a decision to either grant or deny the Motion of Review within 30 days from receipt of the Motion for Review." See https://www.gacoam.com/Documents (COAM Laws, Rules & Regulations) (last visited May 27, 2020).

[3] OCGA § 50-27-102 (d) (5) further provides that the CEO's decision may be appealed to the Superior Court of Fulton County, which has priority jurisdiction.

moved to dismiss the petition, asserting lack of personal and subject matter jurisdiction and insufficient service of process.

The trial court denied the motion to dismiss, finding that it had subject matter jurisdiction under OCGA § 50-27-102 (d) (5), and that the defendants were properly served with a copy of the petition and the writ as the opposite parties to the action pursuant to OCGA § 5-4-6 (b). However, the trial court made no mention of service on GLC. Subsequently, following a hearing on the merits of the petition, the trial court entered judgment reversing the arbitration award and remanding the case to GLC. KP filed an application for discretionary review, which we granted. It then filed this notice of appeal.

We note from the outset that, with respect to KP's motion to dismiss,

[w]hen reviewing a trial court's ruling on a motion to dismiss for lack of jurisdiction that has been decided on the basis of written submissions, we are in an equal position with the trial court to determine the facts and therefore examine the facts under a non-deferential standard. When reviewing a ruling on a motion to dismiss for insufficient service, a trial court's ruling will be upheld on appeal absent a showing of an abuse of discretion. And when an appeal from the denial of a motion to dismiss presents a question of law, we review the trial court's decision de novo.

4

(Citation and punctuation omitted.) *Henderson v. James*, 350 Ga. App. 361 (829 SE2d 429) (2019). With these guiding principles in mind, we turn to KP's contentions on appeal.

1. KP first argues that the trial court erred in denying its motion to dismiss Ultra's petition for writ of certiorari because GLC was the proper respondent and Ultra failed to timely serve GLC. KP also argues that Ultra failed to obtain an answer to the writ from GLC within the time specified by law. KP further argues that Gwinnett County Superior Court had priority jurisdiction over this matter, not the Fulton County Superior Court. Because we agree that GLC is the respondent, and that Ultra failed to obtain a timely answer to the writ from GLC, we conclude the trial court erred in denying the motion to dismiss.

Our decision is controlled by this Court's recent decision in *Ultra Group of Cos., Inc. v. Inam Intl., Inc.*, __ Ga. App. __ (840 SE2d 708) (2020). Ultra filed its petition for writ of certiorari pursuant to OCGA § 5-4-3, which provides:

> On the filing of the petition in the office of the clerk of the superior court, with the sanction of the appropriate judge endorsed thereon, together with the bond or affidavit, as provided in Code Section 5-4-5, it shall be the duty of the clerk to issue a writ of certiorari, *directed to the tribunal or person whose decision or judgment is the subject matter of complaint, requiring the tribunal or person to certify and send up all*

5

*the proceedings in the case to the superior court, as directed in the writ of certiorari.*

(Emphasis supplied.) OCGA § 5-4-7 further provides, in pertinent part, that "[t]he answer to the writ of certiorari shall be filed in the clerk's office within 30 days after service thereof on the respondent unless further time is granted by the superior court." And, as we have previously explained, "the judicatory body whose decision is appealed is the 'respondent' on whom service is required or, in other words, the 'respondent' is the judicatory body in the dispute, while the 'opposite party' is the 'party to a dispute.'" (Citations and punctuation omitted.) *City of Sandy Springs Bd. of Appeals v. Traton Homes, LLC*, 341 Ga. App. 551, 557 (2) (801 SE2d 599) (2017); see also *City of Atlanta v. Saunders*, 159 Ga. App. 566, 567 (284 SE2d 77) (1981) (respondent is the judicial officer whose decision was subject to review).[4] The respondent must file an answer, and certify and send up the record of the proceedings in the case to the superior court, as directed in the writ of certiorari. OCGA § 5-4-7; *City of Sandy Springs*, 341 Ga. App. at 555-556 (1); *Inam Intl., Inc.*, 840 SE2d at 709

---

[4] During the final hearing before the trial court, counsel for KP appears to confuse whether GLC is the opposite party or the respondent, referring to KP interchangeably. However, our precedent clearly indicates that GLC, as the lower tribunal, is the respondent. *City of Sandy Springs*, 341 Ga. App. at 557 (2); *Saunders*, 159 Ga. App. at 567.

(1). The petitioner bears the burden to ensure that an answer to the petition is filed in a timely manner. Id. As we have explained, "[t]he answer is not a pleading, but is a form of return that constitutes a copy of the entire record in the case." Id."If an answer is not filed, dismissal of the petition is the proper remedy." Id.

Here, Ultra failed in its statutory duty to ensure that GLC filed a timely answer to the petition. Although it was served with the petition and the writ, GLC did not file an answer of the record below. Nevertheless, Ultra argues that reversal is not required because the trial court permitted it to submit the record as attached to its petition, and both parties agreed to the sealed record as submitted. Thus, Ultra contends, the hearing officer's record was properly before the trial court.[5] However, "[p]ermitting Ultra to submit what it says constitutes the record below would circumvent the statutory requirement that the lower tribunal, not the parties, *certify* and send up all the proceedings in the case to the superior court, as directed in the writ of certiorari." (Citation and punctuation omitted; emphasis supplied.) *Inam Intl., Inc.*, 840 SE2d at 709-710 (1); OCGA § 5-4-3. Under the plain statutory language, the burden is on

---

[5] Although he ultimately agreed to use the record submitted by Ultra's counsel, counsel for KP argued at the hearing that GLC had not filed a certified record of the proceedings below, and he acquiesced to the record as submitted by Ultra only because the trial court had denied their motion to dismiss and he was "trying to move on."

GLC to "certify and send up to the Fulton Superior Court all of the proceedings in the case."[6] Id. at 710 (1).

As we held in *Inam Intl., Inc.*,

[i]t is undisputed from the record that the GLC failed to file an answer, and Ultra did not compel GLC to respond or request additional time to seek compulsion. Because Ultra failed to compel GLC to file an answer or seek additional time for it to do so, no certified record from the lower tribunal was ever filed in the superior court. Id. at710 (1). Where no certified record from GLC was ever filed, and because Ultra took no steps to ensure its filing, dismissal of the certiorari petition was warranted. Id. Accordingly, the trial court erred in denying KP's motion to dismiss the petition, and we reverse the trial court's order and remand the case with direction for the trial court to dismiss this action.[7]

---

[6] "When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant." (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013). We are not permitted to disregard statutory language. *Georgia-Pacific Consumer Products, LP v. Ratner*, 345 Ga. App. 434, 440 (1) (a) (812 SE2d 120) (2018). And, "[w]here the language of statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." *Six Flags Over Georgia v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003).

[7] Because the trial court erred in failing to dismiss the petition on the above grounds, we do not address KP's remaining arguments with respect to jurisdiction. Also, with respect to KP's argument regarding timely service on GLC, the plain and unambiguous language of OCGA § 5-4-6 (b) provides that "[t]he certiorari petition and writ shall be filed in the clerk's office within a reasonable time after sanction by the superior court judge; and a copy shall be served *on the respondent, within five*

8

2. KP further argues that the trial court erred in reversing the arbitrator's decision on the merits in light of the evidence and existing law. Given our conclusion in Division 1 that the trial court erred in denying KP's motion to dismiss, we do not reach the merits of these arguments on appeal.

*Judgment reversed and case remanded with direction. Reese, P. J., and Colvin, J., concur.*

---

*days after such filing*, by the sheriff or his deputy or by the petitioner or his attorney." (Emphasis supplied.) OCGA § 5-4-6 (b). Here, GLC was the respondent and, according to statute, should have been timely served with the certiorari petition and the writ within five days of filing same. As previously noted, the certiorari petition and the writ were filed on January 16, 2018, and GLC should have been served with same on or before January 21, 2018, which was a Sunday. Because the time for service was less than seven days, and the deadline for service fell on a Sunday, Ultra had until January 23, 2018, to effectuate service. See OCGA § 1-3-1 (d) (3). It is undisputed that service on GLC was perfected that day. Accordingly, the service on GLC was timely, and KP's argument on this ground fails.