## HEADNOTE CASES

IN WHICH FULL OPINIONS WERE NOT FILED.

O'KEEFE *v.* COTTON.

SIMMONS, C. J.   Notice to the opposite party of the sanction of a writ of certiorari and of the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, being indispensable in the prosecution of a petition for certiorari, a failure to give such notice renders the entire proceeding void, and the mere pendency of the petition does not suspend the statute of limitations which requires the bringing of the certiorari within thirty days, nor authorize a renewal of such petition within six months, whether it be dismissed by the court or upon motion of the plaintiff. *Bonds* v. *Pearce*, 74 *Ga.* 837, and *Mercer* v. *Davidson*, 80 *Ga.* 495.   *Judgment affirmed. All the Justices concurring.*

Argued February 18, — Decided March 8, 1897.

Certiorari.   Before Judge Falligant.   Chatham superior court.   March term, 1896.

Verdict and judgment were rendered in a magistrate's court against O'Keefe in favor of Cotton.   On September 12, 1895, within thirty days of that judgment, a writ of certiorari was granted O'Keefe, but notice of the sanction of the certiorari was not given until November 27, 1895, being only five days before the sitting of the court to which the certiorari was returnable.   Before the certiorari came on for hearing, O'Keefe dismissed the same on his own motion.   Within six months from this dismissal, the certiorari was renewed and made returnable to the March term, 1896, of the superior court, and the statutory notice was given on February 10, 1896.   The cause coming on to be heard, Cotton moved to dismiss the second or renewed certiorari, on the ground that, plaintiff in certiorari having failed to give the statutory notice of bringing the first certiorari, the time had passed in which the certiorari would lie.   The motion was sustained, and O'Keefe excepted.

*G. W. Beckett,* by *Anderson, Felder & Davis,* for plaintiff in error.   *G. H. Miller* and *D. H. Clark,* contra.