### BASS v. CITY OF MILLEDGEVILLE.

Failure to deliver a writ of certiorari and a copy of the petition to the officer whose decision is sought to be reviewed is, as a general rule, cause for dismissal, but does not render the proceeding void, so that the suit can not be renewed under the provisions of the Civil Code, § 3786.

Argued October 19, — Decided November 10, 1904.

Certiorari.    Before Judge Lewis.    Baldwin superior court. July 13, 1904.

Bass was arraigned before the recorder of the City of Milledgeville, charged in an affidavit and warrant with conducting, "in a tumultuous manner," a private boarding-house without a license, "to the terror of the citizens and to the disturbance of the public tranquility." Having been convicted and sentenced by the recorder, he sued out a petition for certiorari, which was dismissed in the superior court on the ground that the petition and writ had not been delivered to the recorder within fifteen days prior to the term of the superior court to which the certiorari was returnable.

Thereafter the accused undertook to renew his petition, under the provisions of the Civil Code, § 3786. At the hearing the second petition was dismissed, on the ground that "the certiorari could not be renewed, the original petition · having been stricken from the docket because of no service of the writ of certiorari." Bass excepted.

*Hines & Vinson,* for plaintiff in error.
*Allen & Pottle,* contra.

COBB, J. It is settled that a petition for certiorari is such a suit as can be renewed under the provisions of the Civil Code, § 3786. *Hendrix* v. *Kellogg,* 32 *Ga.* 435 ; *Mercer* v. *Davidson,* 80 *Ga.* 495. If, however, such a petition be void for any reason, the suit can not be renewed. *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517, and cit. The Civil Code, § 4643, requires that the petition and the writ shall be delivered to the party to whom the writ is directed, at least fifteen days previous to the term of the superior court to which the return is to be 'made. The question to be decided, therefore, is whether the failure to comply with this provision of the statute renders the petition void and prevents a renewal. It has been held that where the certiorari bond was invalid, the petition was void and could not be renewed. *South- ern Ry. Co.* v. *Goodrum,* 115 *Ga.* 689. The same ruling was made where a petition was sued out in forma pauperis and the pauper affidavit was insufficient. *Hill* v. *State,* 115 *Ga.* 833. Where the petition contains no sufficient assignment of error on any ruling or decision of the inferior judicatory, it is void. *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517. And it has been held that the failure to give to the adverse party notice of the sanction of the petition and of the time and place of hearing renders the proceeding void. *O'Keefe* v. *Cotton,* 102 *Ga.* 516, and cit. In all these cases there was something inherently defective in the proceeding itself. A good bond, or a good ' pauper affidavit, as the case may be, is an indispensable condi- tion precedent to the issuance of the writ. A petition without an assignment of error of course presents no question for decision and amounts to nothing. And failure to serve the opposite party with notice of the sanction and of the time and place of hearing renders nugatory and void that which had been commenced

as a good suit, but had never been completed and perfected by service.    Where there is no such service "there is no suit," and nothing to renew.    *Toole* v. *Davenport*, 63 *Ga.* 160.    A like result does not, however, follow from the failure to deliver the writ and a copy of the petition to the officer whose decision is sought to be reviewed.    Such a failure will not even result in a dismissal of the proceeding where it is shown that the failure was not due to the fault or negligence of the plaintiff in certiorari.    Where this appears, an order will be granted allowing further time within which to serve.    *Zachry* v. *State*, 106 *Ga.* 123, and cit.; *A., K. & N. Ry. Co.* v. *Whitaker*, 115 *Ga.* 644 (1). And if, notwithstanding the failure to serve, the officer whose decision is under review should answer the petition, it will not be dismissed.    *Crapp* v. *Morris*, 108 *Ga.* 793 (1); *A., K. & N. Ry. Co.* v. *Whitaker*, 115 *Ga.* 644 (2).    It is apparent from these decisions that the failure to deliver, within the time required by the statute, the petition and writ to the officer whose decision is under review will not render the proceeding void, but that it is a mere irregularity which can be cured either by a waiver by the officer himself, evidenced by the filing of his answer, or by an extension of time by the judge of the superior court.

It was argued that the judgment ought to be affirmed, because there was in the petition no question which could be properly decided.    We will not, however, in advance of a decision by the trial judge on the merits, undertake to determine whether any assignment of error has been properly made, or whether, if so, it is meritorious.

*Judgment reversed.    All the Justices concur.*