## 39460. HIPP v. CITY OF EAST POINT.

DECIDED APRIL 19, 1962.

*Bagwell & Hames, James A. Bagwell,* for plaintiff in error.
*Ezra E. Phillips,* contra.

NICHOLS, Presiding Judge. The act of 1961 (Ga. L. 1961, p. 190), amended *Code* §§ 19-209 and 19-210 and repealed *Code* §§ 19-211 and 19-212. Such act also amended other Code

sections not material to the present case. Prior to such time, the failure to serve the opposite party, unless such service was waived in writing, required a judgment dismissing the writ of certiorari. While the act of 1961 was entitled in part as "An Act to clarify, simplify and conform the procedure in certiorari proceedings to that prevailing in ordinary civil cases as to appearance day. . ." and to provide for amendments, it does not appear that the necessity of a timely service on the opposite party was dispensed with. *Code* § 19-210 as amended, supra, provides: "All certiorari proceedings shall be filed in the clerk's office within a reasonable time after sanction thereof, and shall be served on the respondent within five (5) days after such filing by the sheriff or his deputy, or by the petitioner or his attorney. A copy of the petition and writ shall also be served on the opposite party or his counsel or other legal representative, in person or by mail, and service shown by acknowledgment, or by certificate of the counsel or person perfecting such service." Under such language it appears that the service upon the opposite party should *"also"* be made within five days after the filing of such writ in the clerk's office. No service, or written waiver, appears in the record, and the judgments of the superior court dismissing the writ of certiorari and denying the motion to reinstate such writ of certiorari must be

*Affirmed. Frankum and Jordan, JJ., concur.*