43270. BARRETT et al. v. CITY OF CHAMBLEE.

DEEN, Judge. In certiorari from an inferior judicatory it has always been the policy of Georgia law to give notice both to the respondent who tried the case and to the opposite party, which in the case of certiorari from a police or mayor's court is the municipality. Formerly, the former was notified by service of the writ and the latter by notice of sanction; should it happen that the mayor of the municipality presided personally at the trial he is the person to be served or notified, both as the respondent and as the opposite party. *Martin v. City of Tifton*, 6 Ga. App. 16 (63 SE 1132). By Ga. L. 1961, p. 190, *Code* § 19-212 requiring notice of sanction was repealed, and *Code* § 19-210 was rewritten as follows: "All certiorari proceedings . . . shall be served on the respondent within five days after such filing. . . A copy of the petition and writ shall also be served on the opposite party or his counsel or other legal representative, in person or by mail, and service shown by . . . certificate of the counsel or person perfecting such service."

W. B. Malone is the respondent in this case, having presided over the trial of appellant in the mayor's court, and, as Mayor of Chamblee, is the person to be served on behalf of the opposite party in the case. Following the defendant's conviction, application for certiorari was made to the Superior Court of DeKalb County; the writ was sanctioned

and issued directed "To the Honorable W. B. Malone, Mayor of the City of Chamblee, Georgia, and magistrate of the Mayor's Court of Chamblee." There is a certificate of service of the petition, writ and sanction upon "Honorable W. B. Malone." Malone filed an answer commencing: "And now comes W. B. Malone, Magistrate of the Mayor's Court of the City of Chamblee and Mayor of the City of Chamblee, Georgia, to whom the writ of certiorari in the above entitled case is directed."

"Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." *Code* § 81-209. See also *Cherry v. McCutchen*, 68 Ga. App. 682 (23 SE2d 587) holding that a general appearance is a waiver of service of process. As we understand the oral motion to dismiss the certiorari made on the ground that "no service of the writ of certiorari has been perfected upon the City of Chamblee, Georgia," the appellee is contending that W. B. Malone should have been served with two copies of the certiorari proceedings, one in his capacity as magistrate and one in his capacity as mayor. However, he filed a pleading in the case styling himself in both capacities and cannot now be heard to say that he was not properly served in either, he being the proper person to be served in both instances.

Nothing to the contrary is held in *Hipp v. City of East Point*, 105 Ga. App. 775 (125 SE2d 672). There the recorder was not the mayor and had no authority to accept service for the opposite party, the City of East Point. No person with such authority was ever served prior to the dismissal of the case, and the requirement of service on the opposite party was accordingly neither perfected nor waived. In this case when Malone, the person to be served in both capacities, made a general appearance in both capacities in the superior court, any defect of service was thereby cured.

The dismissal of the certiorari was error.

Judgment reversed. *Jordan, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 5, 1968—DECIDED FEBRUARY 9, 1968.

*Owens & Porter, William J. Porter, Jr.,* for appellants.
*Richardson & Chenggis, George G. Chenggis,* for appellee.