## A94A0243. FISHER v. CITY OF ATLANTA.

(442 SE2d 762)

BIRDSONG, Presiding Judge.

We granted this discretionary appeal application to determine whether the superior court erred in dismissing Tommy Fisher's petition for certiorari from a decision of the Atlanta Civil Service Board, on grounds that Fisher did not "[name] the Atlanta Civil Service Board as a party as required by OCGA §§ 5-4-3 and 5-4-6 (b)." *Held*:

Dismissal of the petition for certiorari was correct, though not for the reason stated by the superior court.

The City of Atlanta Civil Service Board, created pursuant to Ga. L. 1973, pp. 2188, 2211 (Atlanta City Charter Section 3-501), is a judicatory body authorized to hold hearings and make dispositions. See *Carr v. City Council of Augusta*, 124 Ga. 116 (52 SE 300). The controlling statutes provide for review by the superior court by writ of certiorari to any inferior judicatory. OCGA §§ 5-4-1; 5-4-3; 5-4-6. The City of Atlanta contends these statutes required Fisher to name the City of Atlanta Civil Service Board as a *party* to the certiorari appeal. However, nothing in these Code sections requires that the inferior judicatory be named a party. OCGA § 5-4-6 (b) merely requires that "the respondent" be *served*, as well as "the opposite party." The statute does not explain who "the respondent" is or why "the respondent" must be served, but there is authority that the judicatory body whose decision is appealed is the "respondent" on whom service is required. See *Bass v. City of Milledgeville*, 121 Ga. 151 (48 SE 919); *Gornto v. City of Brunswick*, 119 Ga. App. 673 (168 SE2d 323); *Johnson v. Hicks*, 31 Ga. App. 43 (119 SE 437).

The trial court therefore erred in dismissing the petition on grounds that the Civil Service Board was not *named a party*, but the petition was properly dismissed because the Board was not timely served as respondent. It cannot readily be determined why § 5-4-6 (b) requires "the respondent" (the inferior judicatory) to be served, since OCGA § 5-4-3 fully and expressly provides for "service" by the clerk of court of the writ of certiorari on the inferior judicatory: "On the filing of the petition in the office of the clerk of the superior court, with the sanction of the appropriate judge endorsed thereon . . . it

shall be *the duty of the clerk to issue a writ of certiorari*, directed to the tribunal or person whose decision or judgment is the subject matter of complaint, *requiring the tribunal or person to certify and send up all the proceedings in the case to the superior court.*" (Emphasis supplied.) Even though the Civil Service Board received service of the writ from the superior court clerk under OCGA § 5-4-3, we must hold that the petition was properly dismissed for lack of service under § 5-4-6 (b). See *Gornto*, supra; *Johnson*, supra.

Appellant Fisher contends service of the petition on the City of Atlanta was service on the City of Atlanta Civil Service Board, but we decline to so hold as a matter of law. The superior court apparently found that the attorney for the City of Atlanta did not accept or waive service on the Civil Service Board as "respondent." Under the circumstances, these are separate entities with possibly conflicting interests, as one is a party to a dispute and the other is the judicatory body in the dispute. See *Hipp v. City of East Point*, 105 Ga. App. 775 (125 SE2d 672); compare *Barrett v. City of Chamblee*, 117 Ga. App. 205 (160 SE2d 278).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

### ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, appellant Fisher contends that the dismissal of his petition for writ of certiorari should not be affirmed but should be remanded for further consideration because the question of timely *service* on "respondent" (City of Atlanta Civil Service Board) was not decided by the superior court, which dismissed his petition solely on grounds that "respondent" Civil Service Board was not named as a party until December 27, 1992, which was untimely. Appellant contends he tried to serve "respondent" on December 7, 1992, and that the associate city attorney stated she would accept service for "respondent" and otherwise acted to prevent proper service on "respondent." Since appellant had not named the respondent (Civil Service Board) as a party on December 7 when he served the City of Atlanta (employer) and since we hold that service on the City of Atlanta (employer) is not service on the Civil Service Board ("respondent"/tribunal) as a matter of law, it logically follows that the December 7 service on the City of Atlanta (employer) could not have been intended by appellant or accepted by the City of Atlanta (employer) as service on the Civil Service Board (respondent). Because the "respondent" (Civil Service Board) was not served within five days of the filing of the petition for writ of certiorari as required by OCGA § 5-4-6 (b), we must hold that the trial court did not err in dismissing the petition.

However, as we noted in the opinion, it seems pointless to name

as a "party" (respondent) the tribunal which made the decision and which, moreover, adequately participates by sending up the record when required to do so by the superior court clerk per OCGA § 5-4-3. The tribunal can do nothing to defend its decision except to send up the record with an affidavit of some sort. See OCGA § 5-4-8. OCGA § 5-4-7 requires the "respondent" to answer, and OCGA § 5-4-8 requires the lower factfinder ("judge") to "answer," but this answer may be verified by somebody's affidavit if the party making the answer has "retired from office." OCGA § 5-4-10 allows the petitioner or "defendant in certiorari" to traverse or "except to the answer of the respondent." That whole statutory scheme seems to refer to some archaic proceeding which is a mystery today. See, e.g., *City of Atlanta v. Saunders*, 159 Ga. App. 566 (284 SE2d 77), which shows how we have struggled with it in recent times. It seems unjust to dismiss this petition for certiorari on grounds that the petitioner did not serve the tribunal whose decision he is trying to appeal, as if it were a party required to defend its decision against him. But the Supreme Court has held that "[f]ailure to deliver a writ of certiorari and a copy of the petition to the officer whose decision is sought to be reviewed is, as a general rule, cause for dismissal" (*Bass v. City of Milledgeville*, supra), and we are not authorized to overrule the Supreme Court.

However, in *Bass*, the Supreme Court apparently saw an injustice in dismissing a petition for certiorari because the petitioner failed to do a pointless act, and went on to say that failure to serve the petition on the officer whose decision is sought to be reviewed "does not render the proceeding void, so that the suit can not be renewed under the provisions of [OCGA § 9-2-61]." We therefore hold that these proceedings are not void because of the failure to serve the tribunal whose decision is being appealed and which otherwise received notice of the petition for certiorari pursuant to OCGA § 5-4-3. Appellant Fisher is not prohibited from bringing the petition again under OCGA § 9-2-61, according to *Bass*, supra. Compare *City of Atlanta v. Saunders*, supra, which dealt with an attempt to perfect service by an "amendment" under OCGA § 5-4-10.

*Motion for reconsideration denied.*

DECIDED FEBRUARY 3, 1994 —
RECONSIDERATION DENIED MARCH 29, 1994.

*Brewer & Associates, Deedra M. Brewer, Jason A. Golden,* for appellant.

*Sarah I. Mills, Michael V. Coleman,* for appellee.