## A96A2425. HUDSON v. WATKINS.
### (484 SE2d 24)

ANDREWS, Chief Judge.

We granted Hudson's application to appeal from the dismissal of his petition for writ of certiorari to consider what effect the Civil Practice Act has on certiorari proceedings reviewing the lower tribunal's decisions.

Hudson was cited for an alleged violation of the zoning ordinance of the City of Doraville, and sentence was imposed on May 17, 1994. On June 16, 1994, his application for the writ of certiorari was filed against "The Honorable James W. Watkins, Judge of the Municipal Court of the City of Doraville." The application requested service of the writ upon "respondent" Watkins, and service was made on June 28. On August 16, Watkins filed his answer to the writ. A hearing was held on March 20, 1996, and the court ordered the petition dismissed because Watkins was not served within five days of filing and the City of Doraville, the opposite party, was neither named as a party nor served.

OCGA § 5-4-1 et seq. contains the certiorari provisions which have been part of our law for well over 100 years. *Maxwell v. Tumlin,* 79 Ga. 570 (4 SE 858) (1887). OCGA § 5-4-6 (a) provides that a petition for a writ must be filed "within 30 days after the final determi-

nation of the case in which the error is alleged to have been committed. Applications made after 30 days are not timely and shall be dismissed by the court." Subsection (b) provides that the petition and writ "shall be filed in the clerk's office within a reasonable time after sanction by the superior court judge; and a copy shall be served on the respondent, within five days after such filing, by the sheriff or his deputy or by the petitioner or his attorney. A copy of the petition and writ shall also be served on the opposite party or his counsel or other legal representative, in person or by mail; and service shall be shown by acknowledgement or by certificate of the counsel or person perfecting the service."

Prior to the enactment of the Civil Practice Act, the legislature in 1961 enacted OCGA § 5-4-10 which provided for the first time that "[c]ertiorari proceedings shall be amendable at any stage, as to matters of form or substance, as to the petition, bond, answer, and traverse; and a valid bond may by amendment be substituted for a void bond or no bond at all."

After the 1966 Civil Practice Act, certiorari proceedings are considered "special statutory proceedings" under OCGA § 9-11-81 to which the Civil Practice Act applies "except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law. . . ." See *Bragg v. Bragg*, 225 Ga. 494, 495 (170 SE2d 29) (1969).

1. Hudson's first enumeration is that the court erred in dismissing the petition "on its own motion when no objection to the service was filed by [Watkins]."

It is appropriate for the court, without a motion from the party improperly served, to consider whether the petition and writ are properly before it. See *O'Keefe v. Cotton*, 102 Ga. 516 (27 SE 663) (1897). The failure to properly serve the "respondent," the lower tribunal whose decision is being reviewed, however, is not a basis for such a dismissal when the respondent magistrate, although not served within five days as required by OCGA § 5-4-6, did thereafter make a general appearance before the superior court and address the merits of the case. Such a general appearance by the respondent will waive irregularities in the service of process. *Bass v. City of Milledgeville*, 121 Ga. 151, 153 (48 SE 919) (1904); *Barrett v. City of Chamblee*, 117 Ga. App. 205, 206 (160 SE2d 278) (1968).

2. The tribunal whose decision is being reviewed, i.e., the respondent, is not, however, the "opposite party" referred to in OCGA § 5-4-6 and also required to be served. *Fisher v. City of Atlanta*, 212 Ga. App. 635 (442 SE2d 762) (1994). In the case of certiorari from a police or mayor's court, the opposite party is the municipality. *Barrett*, supra.

Pursuant to *Hipp v. City of East Point*, 105 Ga. App. 775, 776

(125 SE2d 672) (1962), service upon the opposite party must be made within the same five-day period as service on the respondent.

"[F]ailure to serve the opposite party with notice of the sanction and of the time and place of hearing renders nugatory and void that which had been commenced as a good suit, but had never been completed and perfected by service. Where there is no such service, 'there is no suit.' . . . [Cit.]" *Bass*, supra at 152-153. *O'Keefe*, supra; *Bonds v. Pearce*, 74 Ga. 837 (1885); *Goldberg v. City of Atlanta*, 71 Ga. App. 269 (30 SE2d 661) (1944); *McConnell v. Folsom Bros.*, 4 Ga. App. 535, 536 (61 SE 1051) (1908).

Such a failure to serve the opposite party is not a defect which can be cured by amendment under OCGA § 5-4-10. *City of Atlanta v. Saunders*, 159 Ga. App. 566 (284 SE2d 77) (1981); *Hipp*, supra. Nor, here, was any appearance made by the City of Doraville so that this requirement could be said to be waived by that appearance. *Glover v. Berry Schools*, 90 Ga. App. 232, 235 (83 SE2d 22) (1954).

Therefore, the dismissal of the petition for writ by the superior court for failure to serve the opposite party was not in error. *City of Atlanta v. Saunders*, supra.

Such a conclusion is consistent with the Civil Practice Act because a suit initiated pursuant to it is "void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit." *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 26, 1997 —
RECONSIDERATION DENIED MARCH 13, 1997 —

*Glenville Haldi*, for appellant.
*Edward E. Carter*, for appellee.