**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 3, 2020**

# In the Court of Appeals of Georgia

A20A0653. CLAYTON COUNTY CIVIL SERVICE BOARD v.  GO-021
    HILL.

GOBEIL, Judge.

In this discretionary appeal, the Clayton County Civil Service Board (the "Board") appeals from a superior court order reversing the Board's decision following an appeal of an employment decision made by Clayton County Sheriff Victor Hill (the "Sheriff"). The Sheriff has moved to dismiss the appeal, asserting that the Board lacks standing to appeal the superior court's decision. We agree and dismiss the appeal.

The relevant facts show that Rodney Williams was employed by the Clayton County Sheriff's Office ("CCSO") and assigned to work as a chaplain for the jail. It is undisputed that, on January 13, 2018, Williams streamed a football game on his

work computer during work hours. The Sheriff thus terminated Williams's employment for violating three department rules, including rules prohibiting neglect of duty and requiring that work time is devoted to duty. Williams appealed the decision to the Board,[1] which found that, although Williams had violated the rules, the violation "was a minor infraction" that did not warrant termination from employment. The Board, instead, ordered that Williams be suspended without pay for three days.

The Sheriff filed a petition for certiorari in the superior court. The superior court found that the Board had exceeded its authority in weighing the severity of Williams's infraction and remanded the case to the Board. See OCGA § 5-4-14 (a) (on a petition for certiorari, the superior court may dismiss the petition or may return the petition to the lower tribunal with instructions).

On remand, the Board determined that there was insufficient cause to support Williams's employment termination, and it ordered that Williams be reinstated to his former position. The Sheriff again petitioned for certiorari to the superior court,

---

[1] The Board was created by an act of the Georgia General Assembly found at 1994 Ga. Laws 4399, which established "a civil service system for the employees of Clayton County." 1994 Ga. Laws 4399, 4399. The Board was created inter alia to "conduct hearings and render decisions" on appeals by civil service employees "who claim to have been improperly suspended, demoted, or dismissed." 1994 Ga. Laws 4399, 4403.

naming Williams as the defendant and the Board as the respondent. In support of the petition, the Sheriff argued that Williams's rule violations provided the Sheriff with cause to terminate his employment. The Sheriff asserted that the Board erred as a matter of law in finding insufficient cause for dismissal.

The superior court, once again, agreed with the Sheriff. In arriving at its decision, the court found that the Board's sole function on appeal was to ensure that the Sheriff met its burden of proving cause for termination. Here, the allegations of misconduct were unchallenged – Williams admittedly streamed a football game during work hours, conduct that violated CCSO rules. And, the conduct constituted infractions deemed sufficient for disciplinary action under the CCSO rules. Citing Civil Service Rule 11.310, the superior court found that the Sheriff was not required to qualify or quantify such cause; either it existed or it did not. And, the Board must either concur with the termination decision or reinstate the employee. The superior court concluded that the rules infraction constituted cause and thus the Board was without authority to overturn the termination decision, and it reversed the Board's decision.

The Board filed an application for discretionary appeal in this Court, arguing that it acted within its authority in reinstating Williams. We granted the application

for discretionary review, but directed the parties to brief the issue of whether the Board has standing to appeal the superior court's ruling.

Here, the Sheriff designated Williams as the defendant-in-certiorari in his petition, and the Board as the respondent-in-certiorari. In his motion to dismiss, the Sheriff argues that the Board's only role as respondent-in-certiorari is to send, as the inferior tribunal, the case materials up to the superior court. The Board counters that the superior court's order "directly infringes upon the Board's statutory authority to render independent decisions based on evidence and to decide whether 'good cause' exists for terminations." The Board reasons that it has an interest in the case because, "[i]f the [s]uperior [c]ourt's order stands, then the Board could never weigh the evidence or examine the employee's conduct to judge whether the conduct warranted termination or not[,]" thereby eviscerating the civil service system's requirement of "good cause" for termination. We agree with the Sheriff that the Board lacked standing to pursue this appeal.

OCGA § 5-4-1 et seq. contains the certiorari provisions which have been part of our law for well over 100 years. See *Maxwell v. Tumlin*, 79 Ga. 570 (4 SE 858) (1887). OCGA § 5-4-1 (a) pertinently provides: "The writ of certiorari shall lie for the

4

correction of errors committed by any inferior judicatory or any person exercising judicial powers[.]" OCGA § 5-4-3 further provides:

> On the filing of the petition in the office of the clerk of the superior court, with the sanction of the appropriate judge endorsed thereon, together with the bond or affidavit, as provided in Code Section 5-4-5, it shall be the duty of the clerk to issue a writ of certiorari, directed to the tribunal or person whose decision or judgment is the subject matter of complaint, requiring the tribunal or person to certify and send up all the proceedings in the case to the superior court, as directed in the writ of certiorari.

Giving further direction, OCGA § 5-4-6 (b) provides:

> The certiorari petition and writ shall be filed in the clerk's office within a reasonable time after sanction by the superior court judge; and a copy shall be served on the respondent, within five days after such filing, by the sheriff or his deputy or by the petitioner or his attorney. A copy of the petition and writ shall also be served on the opposite party or his counsel or other legal representative, in person or by mail; and service shall be shown by acknowledgment or by certificate of the counsel or person perfecting the service.

"The tribunal whose decision is being reviewed, i.e., the respondent, is not, however the 'opposite party' referred to in OCGA § 5-4-6 . . . ." *Hudson v. Watkins*, 225 Ga. App. 455, 456 (2) (484 SE2d 24) (1997).

As this Court has previously explained, "the judicatory body whose decision is appealed is the 'respondent' on whom service is required or, in other words, the 'respondent' is 'the judicatory body *in* the dispute,' while the 'opposite party' is the 'party *to* a dispute.'" *City of Sandy Springs Bd. of Appeals v. Traton Homes, LLC*, 341 Ga. App. 551, 557 (2) (801 SE2d 599) (1994) (citations and punctuation omitted; emphasis in original); see also *Hudson*, 225 Ga. App. at 456 (2) (noting that "the respondent" is "[t]he tribunal whose decision is being reviewed"). "The judicatory body/respondent and the opposite party/party to a dispute are, thus, separate entities with possibly conflicting interests." *City of Sandy Springs Bd. of Appeals*, 341 Ga. App. at 557 (2) (citation and punctuation omitted).

Here, it is not Williams, the terminated employee, who brings this appeal. It is the Board. As our Supreme Court has noted, a civil servant may have a protected property interest in continued employment, which implicates due process. See *Brownlee v. Williams*, 233 Ga. 548, 551 (212 SE2d 359) (1975). To have the right of appeal, the party must be aggrieved by the judgment complained of. Put another way, a party not aggrieved by a decision has no standing to appeal. *Southwire Co. v. Hull*, 212 Ga. App. 131, 132 (441 SE2d 293) (1994). "[A] party is aggrieved by a judgment

6

or decree when it operates on his rights of property or bears directly upon his interest." Id. (citation and punctuation omitted).

Here, the Board does not have an interest in this case. In *Fisher v. City of Atlanta*, 212 Ga. App. 635 (442 SE2d 762) (1994), this Court affirmed the superior court's dismissal of the petition for a writ of certiorari because the petitioner failed to serve the Civil Service Board as respondent as required by OCGA § 5-4-6 (b). We concluded that the superior court properly dismissed the petition in *Fisher* because service on the City did not constitute service on the respondent Civil Service Board. Id. at 635-636. This result was warranted because the City and the Board had conflicting interests: The Civil Service Board was merely the respondent, but the City was a party to the dispute. Id. at 636. In *Fisher*, the Civil Service Board did not initiate or prosecute the proceedings before it, but sat solely as a judicial decision-maker in a dispute between the City and a civil servant. Id. at 635-636. Similarly, in the instant case, the Board did not initiate or prosecute the proceedings before it, and it was not a party to the dispute. Furthermore, Williams, not the Board, has a property interest in his employment, and he is not a party to this appeal. And, had Williams desired review of the superior court's decision regarding his protected property interest, he could have filed an application for discretionary appeal. See OCGA § 5-6-

(a) (1) Accordingly, the Board lacks standing to pursue this appeal, and the same is dismissed. See *Fisher*, 212 Ga. App. at 637 ("The tribunal can do nothing to defend its decision except to send up the record with an affidavit of some sort.").

*Appeal dismissed. Barnes, P. J., and Pipkin, J., concur*.