**FOURTH DIVISION**
**DILLARD, P. J.,**
**REESE, P.J. and BROWN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 4, 2021**

# In the Court of Appeals of Georgia

A20A1751. HAM v. CITY OF MILTON.

REESE, Presiding Judge.

After the City of Milton's Board of Zoning Appeals (the "BZA") denied Mack Ham's request for a variance, he filed a petition for writ of certiorari to the Superior Court of Fulton County. The superior court granted the City of Milton's (the "City") motion to dismiss Ham's petition, and we granted his application for discretionary review. For the reasons set forth infra, we affirm the trial court's ruling.

"We review a trial court's ruling on a motion to dismiss de novo, viewing all allegations in the complaint as true."[1] So viewed, the record shows the following. Ham owns property located in the City. In 2019, he applied to the BZA for a variance

---

[1] *Laskar v. Bd. of Regents of the Univ. System of Ga.*, 320 Ga. App. 414 (740 SE2d 179) (2013) (citations and punctuation omitted).

to allow for certain modifications to a structure located on his property. Following a hearing, the BZA denied Ham's variance application and formally advised him of the decision by letter.

Ham subsequently sought review of the BZA's decision by filing a petition for writ of certiorari, pursuant to OCGA § 5-4-1 et seq., and complaint for declaratory judgment. The superior court issued an order sanctioning the writ, and on June 27, 2019, filed the writ of certiorari.

Ham provided the petition package to the Fulton County Sheriff's Office on June 28, 2019, for service upon the City's mayor and city manager in accordance with OCGA § 5-4-6 (b).

Over the next few weeks, Ham's counsel contacted the sheriff's office several times to check on the status of the service. On July 26, 2019, the office informed him service had been attempted on July 3, but there "had been no activity since[,]" and they could neither provide more information about the status of service, nor expedite it. Ham's counsel retained a private process server the same day and was able to perfect service on the city manager three days later on July 29, 2019, a total of 32 days after the writ of certiorari was filed.

The City filed a motion to dismiss Ham's petition and writ with prejudice. Ham responded and filed an amended petition for writ of certiorari, and added "the body politic and its Board of Zoning Appeals" after "City of Milton" in the case caption to expressly designate the opposite party and the respondent. The court issued the amended writ of certiorari on December 9, 2019, and the City's attorney was served the same day. The court held a hearing on the City's motion to dismiss, and issued a written order ruling in favor of the City. This appeal followed.

"[F]or motions to dismiss for insufficient service, a trial court's ruling will be upheld on appeal absent a showing of an abuse of discretion. Of course, when an appeal from the denial of a motion to dismiss presents a question of law, we review the trial court's decision de novo."[2] With these guiding principles in mind, we now turn to Ham's claims of error.

1. Ham claims the superior court erred in dismissing his petition because service occurred more than five days after filing. He argues that because the City's local ordinance states the petition and writ of certiorari shall be served upon the respondents in accordance with OCGA § 9-11-4, which provides a "safe harbor"

---

[2] *City of Sandy Springs Bd. of Appeals v. Traton Homes*, 341 Ga. App. 551, 552 (801 SE2d 599) (2017) (punctuation and footnotes omitted).

where service exceeds five days, the same approach should be applied to service under OCGA § 5-4-6 (b).[3] Ham also claims strictly adhering to the five day service requirement will lead to the unintended consequence that challenges could be defeated by simply avoiding service.

OCGA § 5-4-3 permits parties in a case brought before an "inferior judicatory or before any person exercising judicial powers" to apply for and obtain a writ of certiorari by petition to the superior court if they are dissatisfied with the outcome of the proceeding. Additionally, OCGA § 5-4-6 (b), which governs the filing and service of petitions and writs of certiorari to superior courts, states:

> The certiorari petition and writ shall be filed in the clerk's office within a reasonable time after sanction by the superior court judge; and a copy shall be served on the respondent, within five days after such filing, by the sheriff or his deputy or by the petitioner or his attorney. A copy of the petition and writ shall also be served on the opposite party or his counsel or other legal representative, in person or by mail; and service shall be shown by acknowledgment or by certificate of the counsel or person perfecting the service.[4]

---

[3] See OCGA § 9-11-4 (c) ("When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service.")

[4] Although prior cases cite to the former code section, Ga. Code Ann. § 19-210, this version tracks the current OCGA § 5-4-6 (b) closely regarding the time for

4

Additionally, this Court has held that dismissal of a petition for certiorari is proper when the respondent was not served within five days after the petition and writ are filed, as dictated by OCGA § 5-4-6 (b).[5] We have also held "service on the opposite party within [five] days was mandatory and in the absence of such service the application for certiorari was properly dismissed."[6] Here, it is undisputed that service on the opposite party did not occur until thirty-two days after the writ was filed, well outside the five days required under OCGA § 5-4-6 (c).

Although Ham argues we should look to the City's local ordinance that references OCGA § 9-11-4 as grounds to incorporate a "safe harbor" to this five-day requirement, the Supreme Court of Georgia has held that "the local ordinance's control over the procedures that apply to the [certiorari] case ends when the case

---

service stating, certiorari proceedings "shall be served on the respondent within five (5) days after such filing by the sheriff or his deputy, or by the petitioner or his attorney. A copy of the petition and writ shall also be served on the opposite party or his counsel or other legal representative, in person or by mail, and service shown by acknowledgment, or by certificate of the counsel or person perfecting such service." Ga. Code Ann. § 19-210.

[5] *Fisher v. City of Atlanta*, 212 Ga. App. 635 (442 SE2d 762) (1994).

[6] *City of Atlanta v. Saunders*, 159 Ga. App. 566, 568 (284 SE2d 77) (1981) (citing *Hipp v. City of East Point*, 105 Ga. App. 775 (125 SE2d 672) (1962), which applies former Ga. Code Ann. § 19-210).

leaves the local government for the superior court."[7] Moreover, under OCGA § 9-11-81, writs of certiorari are considered "special statutory proceedings[,]" and the Civil Practice Act applies "except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law."[8] As this Court has held, when considering certiorari-proceeding statutes, "in considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant."[9]

Further, Ham's argument that failure to allow service beyond the five-day period prescribed in OCGA § 5-4-6 will have unintended consequences is unpersuasive. Although the sheriff's office was delayed in perfecting service, once Ham's counsel utilized a private process server, he was able to perfect service on the city manager within three days.[10]

---

[7] *City of Cumming v. Flowers*, 300 Ga. 820, 831 (5) (d) (797 SE2d 846) (2017).

[8] *Hudson v. Watkins*, 225 Ga. App. 455, 456 (484 SE2d 24) (1997) (citation and punctuation omitted).

[9] *Traton Homes*, 341 Ga. App. at 552-553 (1) (punctuation and footnote omitted).

[10] Although Ham relies on *Mangram* to argue the trial court should have considered the diligence of his efforts in attempting to perfect service, that case is distinguishable. *Mangram v. City of Brunswick*, 324 Ga. App. 725 (751 SE2d 523) (2013). There, this Court remanded the case as it was unclear which party was served,

6

For the above-stated reasons, we hold the trial court did not err by dismissing Ham's petition because it was served more than five days after the writ was filed.

2. Ham also argues the trial court erred in not finding that his service of the amended petition and amended writ were proper. Ham asserts that because certiorari proceedings are amendable at any stage, his subsequent filing of an amended petition and writ cured any service defects.

OCGA § 5-4-10 does state that "[c]ertiorari proceedings shall be amendable at any stage[.]" This Court has held, however, that "failure to serve the opposite party is not a defect which can be cured by amendment[.]"[11] Moreover, as stated previously, "service upon the opposite party must be made within the same five-day period as service on the respondent."[12] As noted above, Ham failed to serve the opposite party

---

and instructed the trial court *if* the appellant served the opposite party to consider the effort used to effect such service. *Id.* at 727 (1) (a). Here, it is undisputed that Ham failed to perfect service until 32 days after the writ was filed. Moreover, even though Ham's counsel made multiple calls to the sheriff's office for updates regarding the status of service, additional steps were not taken for four weeks, at which point he was able to serve the city manager in short order.

[11] *Traton Homes*, 341 Ga. App. at 558 (2) (punctuation and footnote omitted); see *Saunders*, 159 Ga. App. at 567-568 (holding that although "[c]ertiorari proceedings shall be amendable at any stage," there is no mention "of any 'saving grace' or amelioration that would be provided by [OCGA § 5-4-10].")

[12] *Hudson*, 225 Ga. App. at 457 (2).

7

until 32 days after the petition was filed. Accordingly, the trial court was correct in not allowing Ham's amended petition or amended writ to cure the service deficiencies.

3. Ham argues that the trial court erred in dismissing his petition with prejudice. However, this Court has held that failure to serve the opposite party "in the time required by the statute" requires dismissal of the action with prejudice.[13] As this Court has held, the opposite party must be served within five days of when the writ for certiorari is filed in the clerk's office.[14] Here, because Ham failed to serve the opposite party until 32 days after the writ was filed, we hold the trial court did not err in dismissing his claim with prejudice.

For the above stated reasons, we affirm the trial court's ruling.

*Judgment affirmed. Dillard, P. J., and Brown, J., concur.*

---

[13] *Traton Homes*, 341 Ga. App. at 558 (2).

[14] *Hipp*, 105 Ga. App. at 776 (citing former Ga. Code Ann. § 19-210).